IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cr-30104 |
| ) | |
| HOWARD D. PINKLEY, ) | |
| ) | |
| Defendant. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Howard Pinkley's Amended Motion for Compassionate Release (d/e 47) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

On January 30, 2006, Defendant pled guilty to producing child pornography in violation of 18 U.S.C. § 2251(a), as charged in Count One of the Indictment. Defendant also pled guilty to possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), as charged in Count Two of the Indictment.

According to the Presentence Investigation Report (PSR)

prepared for Defendant's sentencing, Defendant, in October 2005, submitted a roll of film to a Walmart store for processing. PSR (d/e 26), ¶ 5. Several days later, Defendant picked up the processed photographs, which depicted a seven-year-old girl, E.H., in various stages of undress. Id. ¶¶ 5-6. E.H. was completely nude in some of the photographs, many of which depicted her genitalia. Id. ¶ 5. Defendant advised law enforcement officers that he had taken the photographs and that E.H. and her siblings had stayed at his residence on several occasions. Id. ¶¶ 6-7.

While conducting a search of Defendant's residence, officers found over 150 additional photographs of child pornography, some of which depicted a partially nude three-year-old girl. Id. ¶ 14. Officers also found several video cassettes, one of which contained footage of Defendant engaging in simulated sex acts while looking at photographs of naked children. Id. ¶ 11. Another cassette showed E.H. changing clothes, exposing her genitalia, and asking that the recording be stopped. Id. ¶ 12.

Defendant admitted to having sexually assaulted E.H. and two other minor females—his daughter (age 11) and his adopted daughter (age 8). Id. ¶ 10. E.H. informed an investigator that

Defendant digitally penetrated her and once threated her with violence if she did not take off her clothes.  Id. ¶¶ 25, 27.  A forensic examination of E.H. indicated the presence of trauma consistent with sexual assault.  Id. ¶ 27.

On October 27, 2006, United States District Judge Jeanne Scott sentenced Defendant to 360 months' imprisonment on the production count and 120 months' imprisonment on the possession count, with the sentences to run concurrently.  Judge Scott also imposed a lifetime term of supervised release on each count.  Defendant is currently serving his sentence at FCI Seagoville and has a projected release date of June 4, 2031.

On April 24, 2020, Defendant filed a pro se motion for compassionate release (d/e 43) pursuant to 18 U.S.C. § 3582(c)(1)(A).  On April 30, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed.  Defendant requests compassionate release due to his age, his health issues, and the COVID-19 pandemic.  Defendant is 72 years old, suffers from hyperlipidemia and essential hypertension, and has completed multiple courses while in the custody of the Bureau of Prisons

(BOP). According to Defendant's medical records, his hypertension is controlled.

Defendant proposes to live with his sisters or obtain his own housing if he is released from custody. The United States Probation Office, in a Memorandum (d/e 48) addressing Defendant's request for compassionate release, concludes that Defendant's sisters' house is not a suitable residence for Defendant. At least one of Defendant's sisters is unwilling to allow Defendant to stay at the residence, which is located approximately 500 feet from an elementary school.

The Illinois Department of Corrections (IDOC) has a detainer lodged against Defendant, who pled guilty to two counts of predatory criminal sexual assault in Logan County, Illinois, Case No. 2006-CF-86. Defendant was sentenced to 20 years in prison on each count, with the sentence imposed on the second count to run consecutively to the sentence imposed on the first count. The state sentence was ordered to run concurrently with the sentence imposed in this case. Defendant's victim in the Illinois case is also one of Defendant's victims in this case. See PSR, ¶¶ 12, 14, 86; Memorandum (d/e 48), at 1.

According to Defendant's BOP case manager, Defendant filed a request with the BOP for compassionate release, but the request was denied due to the IDOC detainer lodged against Defendant. Id. The Court has no information regarding the date on which Defendant's request for compassionate release was submitted to the BOP, the date on which the BOP denied the request, or whether Defendant appealed the denial of his request before filing his motions for compassionate release in this case.

On May 4, 2020, the Government filed a Response Opposing Defendant's Amended Motion for Compassionate Release (d/e 49). The Government argues that the Court should deny Defendant's compassionate release motion given Defendant's criminal history, the IDOC detainer lodged against him, and Probation's refusal to approve his proposed residence upon release. The Government also notes that FCI Seagoville has only one confirmed case of COVID-19 and that the BOP has implemented procedures designed to curb the spread of the virus in its facilities.

On May 5, 2020, the Court held a video conference hearing on Defendant's amended motion. As of May 5, 2020, the BOP reports that FCI Seagoville has only one confirmed case of COVID-19. See

Federal Bureau of Prisons – COVID-19 Cases,

https://www.bop.gov/coronavirus/ (last accessed May 5, 2020).

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed. See 18 U.S.C. § 3582(c). However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met. See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194. Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief. With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

Having considered the relevant factors set forth in 18 U.S.C. § 3553(a), the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment. The spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene and social distancing and isolation. Socially distancing can be

difficult for individuals living or working in a prison.  Further, Defendant suffers from hypertension, a condition that increases the serious risks that COVID-19 presents for Defendant.  See Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus Disease, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html (last accessed April 24, 2020).

However, the COVID-19 pandemic does not warrant the release of every federal prisoner with health conditions that makes him more susceptible to the disease.  Defendant's hypertension is controlled, and, as of today, there is only one confirmed case of COVID-19 at FCI Seagoville, the facility where Defendant is housed.  According to the Government, the BOP has implemented rigorous procedures designed to prevent the virus from spreading through its facilities.

In addition, given the IDOC detainer lodged against Defendant, he will likely be transported to an IDOC facility if released from BOP custody.  Many of IDOC's facilities presently have more confirmed cases of COVID-19 than FCI Seagoville has.  See Illinois Department of Corrections, COVID-19 Response – Facilities,

https://www2.illinois.gov/idoc/facilities/Pages/Covid19Response.aspx (last accessed May 5, 2020). Defendant has no approved residence to release to because one of his sisters will not allow Defendant to reside at her house, which is located approximately 500 feet from an elementary school. At this time, Defendant may be more likely to contract COVID-19 if released from BOP custody.

Further, Defendant has over 11 years left on his sentence for producing child pornography. Defendant not only possessed videos and photographs depicting child pornography, he personally exploited minor females by taking sexually explicit photographs and making sexually explicit videos of them. He also sexually assaulted three girls under the age of 12. One of these minor victims stated that Defendant once threatened her with violence if she did not take off her clothes. The Court, taking all the relevant facts into account, finds that Defendant has not established that there exist extraordinary and compelling reasons that warrant a reduction in his term of imprisonment.

### III. CONCLUSION

For the reasons set forth above, Defendant Howard Pinkley's Amended Motion for Compassionate Release (d/e 47) and

Defendant's pro se motion for compassionate release (d/e 43) are DENIED.

ENTER: May 5, 2020

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE